UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ERNEST FRANKLIN CLARK,

   Petitioner,

       v.                         Civil No. 15-cv-726-JPG

UNITED STATES OF AMERICA,        Criminal No 11-cr-30-JPG-2

   Respondent.

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Ernest F. Clark's motion for reassignment to a judge of the Eastern District of Wisconsin (Doc. 36) and motion to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) (Doc. 37). The Government has responded to the motions (Doc. 42), and Clark has replied to that response (Doc. 43).

**I.    Procedural History**

In February 2012, the undersigned judge, at that time an active judge of the United States District Court for the Southern District of Illinois[1], was designated and assigned pursuant to 28 U.S.C. § 292(b) to the United States District Court for the Eastern District of Wisconsin "from January 1, 2012 through December 31, 2012, and for such additional time as may be required to complete unfinished business heard during this period." Order of Frank H. Easterbrook, Chief Judge, United States Court of Appeals for the Seventh Circuit (Dec. 30, 2011) ("Easterbrook Designation"). During that time period, the undersigned judge presided over Clark's criminal trial in Case No. 11-cr-30-JPG-2 (E.D. Wis.). Clark was convicted, and the undersigned judge sentenced him to serve 1,951 months in prison. The Court of Appeals affirmed that judgment, and the Supreme Court denied Clark's petition for a writ of *certiorari*. *United States v. Clark*,

---

[1] The undersigned judge has since taken senior status.

754 F.3d 401 (7th Cir.), *cert. denied*, 135 S. Ct. 251 (2014).

Clark then filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, Case No. 15-cv-0726-JPG, which the undersigned judge denied in March 2016 (Doc. 21). The Court of Appeals affirmed that decision as well, and the Supreme Court again denied Clark's petition for a writ of *certiorari*. *Clark v. United States*, 680 F. App'x 470 (7th Cir.), *cert. denied*, 138 S. Ct. 283 (2017).

On February 14, 2018, the undersigned judge was expressly designated and assigned pursuant to 28 U.S.C. § 294(c) to "perform the duties of district judge in the United States District Court for the Eastern District of Wisconsin in the matter of *Ernest Franklin Clark v. United States of America*, No. 15-cv-0726, and for such additional time as may be required to complete unfinished business heard during this period." Order of Diane P. Wood, Chief Judge, United States Court of Appeals for the Seventh Circuit (Feb. 14, 2018) ("Wood Designation").

Clark now asks the Court to assign a different judge to hear his Rule 60(b)(4) motion. His Rule 60(b)(4) motion is based on his belief that the undersigned judge did not have jurisdiction to decide his § 2255 motion in light of the fact that the Easterbrook Designation had expired. Clark believes that the undersigned judge likewise lacks jurisdiction to hear a motion to vacate that § 2255 judgment.

**II.    Motion for Reassignment**

The Court first addresses Clark's request that this matter be assigned to a new judge because the undersigned judge lacks jurisdiction under the Easterbrook Designation to hear his § 2255 case. Whatever infirmities may have existed in the Court's authority to hear Clark's § 2255 motion – which the Court discusses below – they have been cured by the Wood

Designation. That designation provides ample authority for the undersigned judge to decide Clark's pending motions. Accordingly, the Court will deny Clark's motion for reassignment to a new judge.

### III. Motion to Vacate Judgment

The Court next considers Clark's request under Rule 60(b)(4), which provides that the Court may relieve a party from a judgment in a civil case where the judgment is void. As a preliminary matter, the Court considers the question of whether this Clark motion amounts to an unauthorized second or successive § 2255 motion since it seeks to vacate the judgment entered on his original § 2255 motion. In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255(h). *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

The Court finds it is not a successive petition. A post-judgment motion such as a Rule 60(b) motion that advances a new claim, that is, a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits is a successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (*habeas* context); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (considering post-judgment Rule 6(e) motion). However, a Rule 60(b) motion that does not assert or reassert claims of error in the conviction and instead points to a defect in the integrity of the § 2255 proceedings is not a successive petition. *Gonzalez*, 545 U.S. at 532; *see Scott*, 414 F.3d at 816. Clark's motion asserts a defect in the integrity of the prior § 2255 proceedings – a lack of jurisdiction to render the judgment – so it amounts to a *bona fide* Rule 60(b) challenge, not a second or successive § 2255 motion.

Therefore, the Court will consider the motion on its merits.

Clark asks the Court to vacate the judgment denying his § 2255 motion on the grounds that the undersigned judge lacked jurisdiction to decide that § 2255 motion. Clark rests his argument on *Frad v. Kelly*, 302 U.S. 312 (1937), which held that, once a criminal judgment is entered, further proceedings in the case are new matters. In *Frad*, a district judge sat by designation for a limited time period in another district. After his designation had expired and he had returned to his home district, the judge terminated the probation of a defendant in a criminal case he had heard while visiting in the other district. *Id.* at 313. The *Frad* Court held that, for purposes of the designation statutes, a criminal case ended with "the judgment of sentence entered upon . . . a verdict of guilty." *Frad*, 302 U.S. at 317. The Court determined that the probation termination proceeding was a new matter that arose after the designation had ended, not part of the criminal case that had been submitted during the designation even though it was technically in the same criminal case. *Id.*

It appears Clark's argument may have merit. A district judge designated to hold court in another district within the circuit "may, notwithstanding his absence from such district . . . or the expiration of the period of his designation and assignment, decide . . . all matters submitted to him during such period and . . . further proceedings in such matters." 28 U.S.C. § 296. Under *Frad*, this authority does not extend to new matters arising after the designation ends unless expressly provided by the designation or by statute, even if the new matters arise in a case submitted during the designation period.

Neither the Easterbrook Designation nor 28 U.S.C. § 296 gave the undersigned judge the authority to hear new matters not submitted during the designation period, even if those new

4

matters arose in Clark's criminal case. Clark's § 2255 motion was clearly not submitted to the undersigned judge during his original designation period; that designation was for the 2012 calendar year, but Clark filed his § 2255 motion in 2015. Nor was it "unfinished business heard during [the designation] period," Easterbrook Designation, or a "further proceeding" in Clark's criminal case, *see* 28 U.S.C. § 296, which ended with "the judgment of sentence entered upon . . . a verdict of guilty." *Frad*, 302 U.S. at 317. Although related to his criminal case, Clark's § 2255 motion is considered to be "a separate proceeding, independent of the original criminal case." *Andrews v. United States*, 373 U.S. 334, 338 (1963); *see Heflin v. United States*, 358 U.S. 415, 418 (1959) (stating "a motion under § 2255 . . . is not a proceeding in the original criminal prosecution but an independent civil suit"). Therefore, the undersigned judge lacked jurisdiction at that time to hear Clark's § 2255 case, and the judgment in that case must be vacated.

However, now that the Wood Designation has cured the lack of authority for the undersigned judge to decide Clark's § 2255 motion, the Court will reenter the same order and judgment forthwith.

IV. **Conclusion**

Accordingly, pursuant to the authority conferred by the Wood Designation, the Court:

- **DENIES** Clark's motion for reassignment to a judge of the Eastern District of Wisconsin (Doc. 36);

- **GRANTS** Clark's motion to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) (Doc. 37);

- **VACATES** the order and judgment entered in this case (Docs. 21 & 22);

- **REINSTATES** this case; and

- **DIRECTS** the Clerk of Court to re-enter the final order and judgment dated with today's date, and to close this case.

**IT IS SO ORDERED.**
**DATED: February 21, 2018.**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**